## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HYPOWER, INC.,

        **Plaintiff,**

v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, and
ENVIRONMENTAL CHEMICAL
CORPORATION,

        **Defendants.**

**Case No.  13-CV-2326-DDC-TJJ**

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Hypower, Inc.'s Motion to Confirm Arbitration Award (Doc. 28).  Intervenor Environmental Chemical Corporation ("ECC") has submitted a Response to plaintiff's motion (Doc. 33), and plaintiff has filed a Reply (Doc. 34). [1] Thus, the motion is fully briefed and ripe for the Court's decision.  After considering the parties' arguments, the Court grants in part and denies in part plaintiff's Motion to Confirm Arbitration Award (Doc. 28), for the reasons explained below.

### I.      Factual and Procedural Background

ECC was awarded a federal contract to perform construction and repairs on a project located at McConnell Air Force Base in Wichita, Kansas.  ECC executed a payment bond covering the federal contract, with defendant National Union acting as surety, as the Miller Act

---

[1] Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") has not responded to plaintiff's motion.  Plaintiff represents that it has entered into a Confidential Settlement Agreement with National Union resolving the amount of the arbitration award and the specific performance awarded by the arbitrator in exchange for a release of claims asserted against National Union in this lawsuit.  Doc. 34 at 1–2.

requires.  *See* 40 U.S.C. § 3131(b)(2).  ECC, as the general contractor, and plaintiff, as a subcontractor, entered into an agreement ("the Subcontract"), in which plaintiff agreed to perform electrical work on the federal construction project.  The parties agreed in the Subcontract to submit "[a]ll claims, disputes arising out of, or relating to, this Agreement or the Work" to arbitration.  Doc. 28-2 at 14 (Subcontract § 12.4.a).  The parties also agreed that "[t]he award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction."  *Id.* at 15 (Subcontract § 12.6).

On July 8, 2013, plaintiff filed a Complaint against National Union under the Miller Act, 40 U.S.C. § 3133, seeking payment on the Miller Act payment bond for ECC's alleged breach of the Subcontract.  Doc. 1.  On August 27, 2013, defendant National Union filed a Motion for Stay and to Compel Arbitration (Doc. 7), requesting that the Court stay the lawsuit and order plaintiff to follow the mandatory dispute resolution procedures that it had agreed to in its Subcontract with ECC.  That same day, ECC filed a Motion to Intervene (Doc. 8), seeking leave to intervene for the purpose of moving the Court to stay the litigation and compel plaintiff's compliance with the Subcontract's mandatory dispute resolution procedures.  The Court granted ECC's Motion to Intervene as unopposed (Doc. 12), and on September 27, 2013, ECC filed a Motion to Stay Case and Compel Arbitration (Doc. 13).  The Court granted that motion on August 27, 2014, thereby staying the case pending arbitration (Doc. 22).

Plaintiff and ECC submitted their dispute to the American Arbitration Association ("AAA") for arbitration.  On March 2, 2015, the arbitrator issued an award for plaintiff and against ECC in the amount of $529,002.44.  Doc. 28-1 at 11.  The arbitrator also ordered ECC to perform its contractual obligations for certain outstanding change order requests ("RCOs").  This relief required ECC to cooperate with plaintiff to submit certain RCOs to the government—as

2

mandated by the Subcontract—and ordered ECC to pay plaintiff any amounts received from the government for the work described in the RCOs. *Id.* at 8–9, 11. The arbitrator denied plaintiff's demand for prejudgment interest, but concluded that "[i]nterest payable following the execution and delivery of this Award shall be governed by applicable Texas law." *Id.* at 11. The arbitrator also denied the parties' requests for attorney's fees. *Id.* at 10. The arbitrator concluded that neither plaintiff nor ECC was a "prevailing party" as defined by the Subcontract, and therefore the Subcontract did not entitle either party to attorney's fees. *Id.*

On April 2, 2015, plaintiff filed a Motion to Lift Stay (Doc. 23), so that it could file a motion to confirm the arbitration award. The Court granted the motion and lifted the stay (Doc. 27). Plaintiff then filed its Motion to Confirm Arbitration Award (Doc. 28), which the Court now addresses.

## II.    Legal Standard

Plaintiff moves the Court to confirm the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and the Kansas Uniform Arbitration Act ("KUAA"), K.S.A. § 5-401, *et seq.* Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). The Tenth Circuit has instructed that "'judicial review of an arbitration award is very narrowly limited.'" *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (quoting *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986)). In fact, the standard of review for arbitration awards "is 'among the narrowest known to the law.'" *Air Methods Corp. v. OPEIU*, 737 F.3d 660, 665 (10th Cir. 2013) (quoting *LB & B Assocs., Inc. v.*

*Int'l Bhd. of Elec. Workers, Local No. 113*, 461 F.3d 1195, 1197 (10th Cir. 2006)).  This standard of review comports with the "'primary purpose behind arbitration agreements'"—avoiding "'the expense and delay of court proceedings.'"  *ARW Expl. Corp.*, 45 F.3d at 1463 (quoting *Turley*, 808 F.2d at 42); *see also Air Methods Corp.*, 737 F.3d at 665 (explaining that courts should apply a deferential standard to an arbitrator's award "since the parties have contracted for an arbitrator to resolve their disputes, not a court." (citation and internal quotation marks omitted)).

A court may vacate an arbitration award only under "limited circumstances" which include (1) the reasons stated in the FAA, 9 U.S.C. § 10, or (2) "a handful of judicially created reasons."  *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (citations omitted).  "Outside of these limited circumstances, an arbitration award must be confirmed."  *Id.* (citing 9 U.S.C. § 9).

### III.    Analysis

Plaintiff asks the Court to confirm the arbitration award and enter a judgment that includes:  (1) an award of "post judgment" interest at the rate of 5% per annum under the Texas Finance Code, beginning from the date of the arbitration award; (2) an award of attorney's fees; and (3) an order mandating ECC's specific performance of certain obligations under the Subcontract.  Those obligations are that: (a) ECC must cooperate with plaintiff to submit certain RCOs to the government, and (b) ECC must pay plaintiff any amounts received from the government for the work described in the RCOs.

In its original motion, plaintiff requested the Court to enter a judgment for $607,645.30, which, plaintiff claimed, represents the $529,002.44 awarded by the arbitrator plus the amount of certain outstanding change orders that the government had paid to ECC as of December 30, 2014.  Doc. 28 at 1.  But, in its Reply, plaintiff represents that it has entered into a Confidential

Settlement Agreement with National Union that resolves the face amount of the award and a portion of the specific performance awarded by the arbitrator. Doc. 34 at 1. Plaintiff asserts, however, that the Confidential Settlement Agreement does not restrict its right to seek judgment against ECC for the specific performance of the remaining change orders—RCO #22 and RCO #23. *Id.* at 2. Plaintiff requests in its Reply that the Court "confirm the arbitration award and [enter] a judgment against ECC for specific performance directing ECC to submit RCOs #22 and #23 to the government and to pay [plaintiff] any amounts received from the government related to the RCOs, plus attorney's fees from ECC associated with this motion and post judgment interest." *Id.* at 3. The Court construes plaintiff's Reply as withdrawing its request for a judgment in the amount of $607,645.30. Instead, the Court understands that plaintiff now seeks the relief described in the Reply—that is, confirmation of the arbitration award and a judgment against ECC for specific performance, plus attorney's fees and "post judgment" interest. *Id.*

ECC opposes plaintiff's requests for "post judgment" interest and attorney's fees.[2] Doc. 33 at 1–2. But ECC has not moved the Court to vacate, modify, or correct the arbitration award. Absent such a request, ECC has waived its right to oppose confirmation. *See Baer v. Terminix Int'l Co.*, 975 F. Supp. 1272, 1279 (D. Kan. 1997) ("A party that does not move to vacate an arbitration award loses the right to oppose confirmation of the same award sought by the other party." (citing *Lander Co. v. MMP Invs., Inc.*, 107 F.3d 476, 478 (7th Cir.), *cert. denied*, 522 U.S. 811 (1997)). Because ECC has provided no reason for this Court to vacate, modify, or

---

[2] ECC also opposes any request that requires ECC to make immediate or non-contingent payments to plaintiff for future RCOs that the government may or may not pay. Doc. 33 at 6. As ECC argues, and as the arbitrator determined, that relief would violate the "paid if paid" clause of the Subcontract. This provision states that ECC has no obligation to pay plaintiff until the government has paid ECC for the work. *Id.*; *see also* Doc. 28-1 at 8–9; Doc. 28-2 at 7 (Subcontract § 7.1(e)). Plaintiff's motion does not seek this relief. As explained above, the Court reads plaintiff's motion as seeking ECC's specific performance of its obligations under the Subcontract to submit RCOs to the government and to pay plaintiff any amounts received from the government for those RCOs. Plaintiff does not seek and the Court does not order ECC to make any non-contingent payments to plaintiff.

correct the arbitration award and because the Court finds that none of the limited circumstances

for vacating the award apply here, the Court confirms the arbitration award for plaintiff and

against ECC in the amount of $529,002.44.

The Court next turns to plaintiff's other requests.

### A.  Plaintiff is not entitled to "post award" interest.

Plaintiff requests "post judgment" interest beginning from the date of the award, March

2, 2015, under Texas Finance Code § 304.003.  Although plaintiff refers to its request as "post

judgment" interest, the Court notes that plaintiff actually seeks "post arbitration award" interest

because it demands interest from the date of the award, not the date of a court judgment.  Thus,

the Court refers to plaintiff's request as "post award" interest going forward.

ECC responds that plaintiff is not entitled to "post award" interest because it has resolved

the principal amount claimed in the Motion to Confirm Arbitration Award.  In addition, ECC

argues that plaintiff is not entitled to "post award" interest under Texas law.  The Court agrees

with ECC that, even if the parties have not resolved the principal amount of the award, Texas

Finance Code § 304.003 provides no basis to award "post award" interest to plaintiff.

The arbitrator determined in his award that "[i]nterest payable following the execution

and delivery of this Award shall be governed by applicable Texas law."  Doc. 28-1 at 11.  Here,

plaintiff seeks "post award" interest under Texas Finance Code § 304.003.  Doc. 28 at 1, 3.  But

this statute authorizes post judgment interest on a "money judgment of a court of this state."

Tex. Fin. Code § 304.003(a).  And the Texas courts have determined that this statute applies only

to money judgments rendered by courts, not arbitration awards.  *See Blumberg v. Bergh*, No. 2-

04-138-CV, 2005 WL 1047592, at *6 (Tex. App. May 5, 2005) (holding that Texas Finance

Code § 304.003 did not authorize post arbitration award interest because the statute applies only

to court judgments and "[a]rbitrators are not courts."); *see also Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 722 (Tex. App. 2009) (holding that another section of the Texas Finance Code authorized prejudgment interest for property damage money judgments rendered by courts, but not arbitration awards).  Because the statute authorizes interest only on court judgments and not arbitration awards, plaintiff cannot receive "post award" interest under Texas Finance Code § 304.003.  Consequently, the Court denies plaintiff's request for "post award" interest under this statute.

### B.  Plaintiff is not entitled to attorney's fees under the FAA, KUAA, or the Subcontract.

Plaintiff requests the Court to award attorney's fees incurred in bringing this lawsuit. Ordinarily, a prevailing party in a lawsuit is not entitled to collect attorney's fees from the losing party absent statutory authorization or contractual agreement.  *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237–38 (10th Cir. 1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257–59 (1975)).  As explained below, plaintiff provides neither a statutory basis nor a contract that would allow it to recover attorney's fees against ECC.  Thus, plaintiff is not entitled to attorney's fees.

Plaintiff's request for attorney's fees finds no statutory authority under either the FAA or KUAA.  The FAA "does not authorize a district court to award costs or attorney's fees to a party who successfully confirms an arbitration award in federal court."  *Sheldon v. Vermonty*, No. 98-2277-JWL, 2000 WL 33911222, at *3 (D. Kan. Sept. 27, 2000) (citing 9 U.S.C.A. § 1 *et seq.*); *see also Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (affirming a district court's decision to deny attorney's fees because "there is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts").

The KUAA likewise provides no basis for plaintiff to recover attorney's fees.  In its request for fees, plaintiff cites K.S.A. § 5-414.  It provides:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.  Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

K.S.A. § 5-414.  While this statute allows the Court to award costs, it provides no authority for awarding attorney's fees.  And another section of the KUAA specifically excludes "counsel fees" from recoverable costs "incurred in the conduct of the arbitration" that "shall be paid as provided in the award."  *See* K.S.A. § 5-410 (stating "[u]nless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration shall be paid as provided in the award" (emphasis added)).  Thus, the Court finds nothing in the KUAA that authorizes plaintiff to recover attorney's fees against ECC.

Finally, the Subcontract provides no basis to award attorney's fees.  Section 13.7 of the Subcontract provides:

> In the event suit or action is instituted to enforce any right granted herein, *the prevailing party* shall be entitled to, in addition to the statutory costs and disbursements, a reasonable attorney's fee to be fixed by the trial court and on appeal, if any, similar fees in the appellate court, to be fixed by the appellate court.

Doc. 28-2 at 15 (Subcontract § 13.7) (emphasis added).  The arbitrator determined that plaintiff was not entitled to fees under this section of the Subcontract because plaintiff was not a "prevailing party," as this contractual language requires.  Doc. 28-1 at 10.  The arbitrator noted that its award to plaintiff was less than 18% of the nearly $3,000,000 in damages that plaintiff sought in its initial arbitration demand, and only 31% of the $1,694,335.56 that it made in its final demand for damages.  *Id.*  The arbitrator concluded that while plaintiff had obtained an

8

award in its favor, plaintiff did not succeed or prevail when one views plaintiff's allegations as a whole. *Id.* Thus, the arbitrator determined that plaintiff was not a prevailing party and could not recover attorney's fees under the Subcontract.

The parties agreed in the Subcontract to submit all claims and disputes arising out of or related to the Subcontract to arbitration. Doc. 28-2 at 14 (Subcontract § 12.4.a). Plaintiff's demand for attorney's fees is one of the claims that the parties must submit to arbitration as the Subcontract requires. *See Own Capital, LLC v. Celebrity Suzuki of Rock Hill, LLC*, No. 11-10109, 2011 WL 3300696, at *3 (E.D. Mich. Aug. 2, 2011) (explaining that plaintiff's request for attorney's fees fell under the "all disputes" clause of the parties' contract and therefore was a decision for the arbitrator, not the court).

Here, the arbitrator resolved plaintiff's attorney's fees claim against it, concluding that plaintiff was not a prevailing party under the Subcontract and therefore not entitled to attorney's fees. The Court will not disturb this ruling because the parties contracted for the arbitrator to resolve all disputes, including this one, and plaintiff provides no basis for the Court to vacate the arbitrator's decision on the attorney's fees issue. *See id.* (refusing to award attorney's fees and costs because the arbitrator must decide that issue); *see also Advanced Tech. Assocs., Inc. v. Seligman*, 39 F. Supp. 2d 1311, 1317 (D. Kan. 1999) (confirming an arbitration award that included an award of attorney's fees under the contract because the arbitrator had "exclusive domain" over the interpretation of the contract and "the court has no business overruling him [on his interpretation of the contract's attorney's fees provision] even if it interprets the agreement differently").

Also, to the extent plaintiff only seeks attorney's fees incurred in this litigation, the Court denies that request because this lawsuit is part of the arbitration, not a separate proceeding in

which plaintiff can recover fees. *See Brown v. Brown-Thill*, 762 F.3d 814, 826 (8th Cir. 2014) (rejecting plaintiff's request for fees incurred in enforcing or defending the award because those actions were part of the arbitration process and the parties' contract did not authorize an award of attorney's fees incurred in the arbitration). The Court therefore denies plaintiff's request for attorney's fees.

### C. ECC must perform its obligations under the Subcontract to submit change orders to the government and to pay plaintiff any amounts received from the government for those change orders, as the arbitration award requires.

Last, plaintiff asks the Court to order ECC's specific performance of certain obligations under the Subcontract. Specifically, plaintiff requests in its Reply that the Court order ECC to submit RCOs #22 and #23 to the government and to pay plaintiff any amounts received from the government for work on those RCOs. Doc. 34 at 3.

The arbitrator already has ordered the specific performance that plaintiff seeks. *See* Doc. 28-1 at 9 (stating that "ECC shall cooperate with [plaintiff] in submitting RCO #22 to the Government . . . ECC shall pay [plaintiff] any amount received from the Government for the work described in RCO #22 . . . ECC shall cooperate with [plaintiff] in submitting RCO #23 to the Government . . . ECC shall pay [plaintiff] any amount received from the Government for the work described in RCO #23 . . . ."); *see also* Doc. 28-1 at 11 (stating that "ECC shall . . . perform its contractual responsibilities with respect to RCO's #13, #22, #23, and #26 . . . .").

ECC does not ask the Court to vacate, modify, or correct the arbitrator's award which includes an order of specific performance of ECC's contractual obligations. And, the Court finds no reason to vacate the specific performance ordered in the arbitration award under the limited circumstances described in the FAA or created by the courts. *See Denver & Rio Grande W. R.R.*

*Co.*, 119 F.3d at 849.  For this reason, the Court must confirm the arbitration award, including the specific performance that it orders.  *See id.* (citing 9 U.S.C. § 9).

### IV.    Conclusion

The FAA requires that a federal district court with jurisdiction "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  Plaintiff requests the Court to confirm the arbitration award.  ECC makes no argument that the Court should vacate, modify, or correct the arbitration award, and the Court finds no basis to do so.  The Court grants plaintiff's Motion to Confirm the Arbitration Award in part, but denies plaintiff's requests for "post award" interest and attorney's fees for the reasons explained above.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Confirm the Arbitration Award (Doc. 28) is granted in part and denied in part.  The Court confirms the arbitrator's final award in favor of plaintiff and against ECC in the amount of $529,002.44 and for specific performance of ECC's responsibilities for certain change orders, as described in the arbitration award.  The Court denies plaintiff's requests for "post award" interest and attorney's fees.  The Court orders judgment accordingly.

**IT IS SO ORDERED.**

**Dated this 23rd day of November, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**